UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES OF AMERICA

v.

FRANCISCO ANTONIO LUNA ROSADO;

JESUS HERNANDEZ ORTIZ

Defendants.

)  Case No.
)  2:26-cr-12-1-2
)
)  Count One: Conspiracy to Bring
)  Aliens to and Transport Aliens within
)  the United States (8 U.S.C. §
)  1324(a)(1)(A)(v)(I)); (8 U.S.C. §§
)  1324(a)(1)(A)(i) and (ii))
)
)  Counts Two-Thirteen: Bringing an Alien
)  to the United States for Private Financial
)  Gain (8 U.S.C. § 1324(a)(2)(B)(ii) and
)  18 U.S.C. § 2)
)
)  Counts Fourteen-Fifteen: Engaging in
)  Monetary Transactions in Property
)  Derived from Specified Unlawful
)  Activity (18 U.S.C. §§ 1957(a) and (b))
)
)  Forfeiture Notices
)

2026 JAN 29 P 12: 26

CLERK

BY
DEPUTY CLERK

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

From at least on or about August 2022, to at least on or about March 2024, in the District

of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO

("LUNA") and JESUS HERNANDEZ ORTIZ ("HERNANDEZ"), together and with others,

participated in an alien smuggling operation that brought individuals (hereinafter referred to as

"aliens") illegally from Mexico and South and Central America into the United States across the

United States-Canada border.

Aliens arrived by airplane, from their origin country to southern Canada. The aliens were

not United States citizens and did not have prior authorization from the United States government

to come to, enter, and reside in the United States. LUNA used live shared cellular location data to guide the aliens across the Canadian border to northern Vermont. From northern Vermont, LUNA used an approximate 70-person encrypted chat platform to communicate and arrange drivers, like defendant HERNANDEZ, to pick up aliens at the United States-Canada border. The drivers then drove the aliens to New York City. Upon arrival in New York City, the aliens paid LUNA in United States currency. LUNA deposited and withdrew this money into and through the United States financial system, in amounts exceeding $10,000.

**Count One**
**(Conspiracy to Bring Aliens to the United States)**

From at least in or around August 2022, to at least in or around March 2024, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, combined, conspired, confederated, agreed, and acted interdependently with persons whose names are known and unknown to the Grand Jury to commit an offense otherwise defined in 8 U.S.C. § 1324(a)(1)(A)(i) and (ii), specifically, bringing illegal aliens to the United States and transporting illegal aliens within the United States at a Place Other Than a Designated Port of Entry in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (ii).

(8 U.S.C. § 1324(a)(1)(A)(v)(I))

## Count Two
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, I.G., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

**Count Three**
**(Bringing an Alien to the United States for Private Financial Gain)**

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, M.L., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Four
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, Z.T., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Five
**(Bringing an Alien to the United States for Private Financial Gain)**

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, E.B., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Six
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, G.E., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Seven
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, W.G., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Eight
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, E.J., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

### Count Nine
**(Bringing an Alien to the United States for Private Financial Gain)**

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, J.R., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Ten
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, C.S., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Eleven
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, P.S., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Twelve
### (Bringing an Alien to the United States for Private Financial Gain)

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, Y.T., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Thirteen
**(Bringing an Alien to the United States for Private Financial Gain)**

On or about September 17, 2023, in the District of Vermont and elsewhere, the defendants, FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, knowing and in reckless disregard of the fact that a certain alien, G.V., had not received prior official authorization to come to, enter, and reside in the United States, did knowingly bring to the United States in any manner whatsoever, said alien, regardless of any official action which may later be taken with respect to said alien, and did so for the purpose of private financial gain, and did aid, abet, counsel, command, induce, procure, and cause the same.

(8 U.S.C. § 1324(a)(2)(B)(ii); 18 U.S.C. § 2)

## Count Fourteen
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about September 2, 2022, in the District of Vermont and elsewhere, the defendant, FRANCISCO ANTONIO LUNA ROSADO, together with others, did knowingly and intentionally engage in a monetary transaction, to wit: a cash deposit of $11,170, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: illegal alien smuggling, in violation of 8 U.S.C. § 1324, knowing that the property involved in such monetary transaction represented the proceeds of some form of unlawful activity.

(18 U.S.C. §§ 1957(a) & (b))

## Count Fifteen
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

On or about November 22, 2022, in the District of Vermont and elsewhere, the defendant,

FRANCISCO ANTONIO LUNA ROSADO, together with others, did knowingly and intentionally

engage in a monetary transaction, to wit: a cash deposit containing $12,000, in and affecting

interstate commerce, in criminally derived property that was of a value greater than $10,000 and

that was derived from specified unlawful activity, to wit: illegal alien smuggling, in violation of 8

U.S.C. § 1324, knowing that the property involved in such monetary transaction represented the

proceeds of some form of unlawful activity.

(18 U.S.C. §§ 1957(a) & (b))

## Forfeiture Notice One

1.      The allegations contained in Counts One through Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging criminal forfeiture.

2.      The United States hereby gives notice to FRANCISCO ANTONIO LUNA ROSADO and JESUS HERNANDEZ ORTIZ, charged in Counts One through Thirteen, that upon conviction of such offenses, the government will seek forfeiture in accordance with 18 U.S.C. § 982(a)(6)(A), 8 U.S.C. § 1324(b)(1), and 28 U.S.C. § 2461, which requires any person convicted of such offense to forfeit:

      a. Any conveyance, including any vessel, vehicle, and aircraft used in the commission of the offense of which the person is convicted; and

      b. Any property real or personal –

           i. That constituted, and is derived from and is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; and

           ii. That is used to facilitate, and is intended to be used to facilitate, the commission of the offense of which the person is convicted.

(18 U.S.C. § 982(a)(6)(A); 8 U.S.C. § 1324(b)(1); & 28 U.S.C. § 2461)

## Forfeiture Notice Two

1.      The allegations contained in Counts Fourteen and Fifteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging criminal forfeiture.

2.      The United States hereby gives notice to FRANCISCO ANTONIO LUNA ROSADO, charged in Counts Fourteen and Fifteen, that upon conviction of such offenses, the government will seek forfeiture in accordance with 18 U.S.C. § 982(a)(1), which requires any person convicted of such offense to forfeit any property, real and personal, involved in such offense, and any property traceable to such property.

(18 U.S.C. § 982(a)(1))

TRUE BILL



MARGARET MOESER
Chief, Money Laundering, Narcotics and Forfeiture Section
Criminal Division

JAKE A. DRUCKER
EMILY COHEN
Trial Attorneys
Burlington, Vermont
January 29, 2026

MICHAEL SHECKELS
Acting Chief, Human Rights and Special Prosecutions Section
Criminal Division

CHELSEA SCHINNOUR
Trial Attorney
Burlington, Vermont
January 29, 2026

JONATHAN A. OPHARDT
First Assistant United States Attorney
United States Attorney's Office
District of Vermont

CHARLES W. KIRKHAM
Special Assistant U.S. Attorney
Burlington, Vermont
January 29, 2026