U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL -9 P 3: 49

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

JESUS HERNANDEZ ORTIZ,
Defendant.

Docket No. 2:26-cr-12-2

PLEA AGREEMENT

The United States of America, by and through the United States Attorney's Office for the District of Vermont (hereafter "the United States"), and the defendant, JESUS HERNANDEZ ORTIZ, agree to the following in regard to the disposition of pending criminal charges.

1. JESUS HERNANDEZ ORTIZ agrees to plead guilty to Count One and Count Two of the Indictment charging him with conspiracy to bring aliens to the United States and to transport aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and bringing an alien to the United States for private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and aiding and abetting the same, in violation of 18 U.S.C. § 2, respectively.

2. JESUS HERNANDEZ ORTIZ understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea:

   a. For Count One: up to 10 years of imprisonment, pursuant to 8 U.S.C. § 1324(a)(1)(B)(i); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583(b)(2); up to a $ 250,000.00 fine, pursuant to 18 U.S.C. § 3571(b)(3); a $100 special assessment pursuant to 18 U.S.C. § 3013; and an additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014. JESUS HERNANDEZ ORTIZ further understands that the Court may order full restitution to the victims

1

of the offense in an amount determined by the Court, pursuant to 18 U.S.C.

§ 3663.

b.  For Count Two: up to 10 years of imprisonment, pursuant to 8 U.S.C.

§ 1324(a)(2)(B)(ii); a 3-year mandatory minimum term of imprisonment, pursuant

to 8 U.S.C. § 1324(a)(2)(B)(ii); up to 3 years of supervised release, pursuant to 18

U.S.C. § 3583(b)(2); up to a $ 250,000.00 fine, pursuant to 18 U.S.C.

§ 3571(b)(3); a $100 special assessment pursuant to 18 U.S.C. § 3013; and an

additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014. JESUS

HERNANDEZ ORTIZ further understands that the Court may order full

restitution to the victims of the offense in an amount determined by the Court,

pursuant to 18 U.S.C. § 3663.

3.  JESUS HERNANDEZ ORTIZ agrees to plead guilty because he is, in fact, guilty of the

above crime.

4.  JESUS HERNANDEZ ORTIZ stipulates to, agrees with, and admits the following facts:

At least as early as September 2023, JESUS HERNANDEZ ORTIZ was added to an
encrypted chat platform that coordinated drivers for long distance trips, including to pick
up aliens illegally crossing into the United States from Canada.  In and around mid-
September 2023, JESUS HERNANDEZ ORTIZ accepted a job through communications
on the encrypted chat platform to drive a load of individuals from  an area near the border
in Vermont to New York City. To further his efforts, by at least September 16, 2023,
JESUS HERNANDEZ ORTIZ rented a Home Depot van in New Jersey and drove the
van to the District of Vermont.

On or about September 17, 2023, JESUS HERNANDEZ ORTIZ drove the rented van to
a designated location in or around Holland, Vermont at an assigned time to pick up a
group of 12 aliens–including two young children–who had illegally entered the United
States without authorization.. As he traveled, JESUS HERNANDEZ ORTIZ remained in
contact with other co-conspirators, including an individual he knew as "Domi," who
provided information about the location and time of the aliens' expected arrival to meet
JESUS HERNANDEZ ORTIZ, and guided JESUS HERNANDEZ ORTIZ to the aliens

2

through live shared cellular location data. JESUS HERNANDEZ ORTIZ does not dispute that law enforcement later identified "Domi" as Francisco Antonio Luna Rosado.

JESUS HERNANDEZ ORTIZ was aware that the individuals he was picking up did not have status to come to or remain in the United States. He expected to receive $400.00 per alien ($4,800.00 total) when he delivered the aliens to a drop-off point. In this regard, JESUS HERNANDEZ ORTIZ brought at least one alien, namely, "I.G.", to the United States for private financial gain.

5. JESUS HERNANDEZ ORTIZ understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. JESUS HERNANDEZ ORTIZ acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties, which include a mandatory minimum sentence of 3 years. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel and if necessary have the court appoint counsel at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. JESUS HERNANDEZ ORTIZ fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the

Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. JESUS HERNANDEZ ORTIZ fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. JESUS HERNANDEZ ORTIZ acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. JESUS HERNANDEZ ORTIZ understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. JESUS HERNANDEZ ORTIZ agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. JESUS HERNANDEZ ORTIZ agrees to pay the special assessment at the time of sentencing.

4

10. JESUS HERNANDEZ ORTIZ acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with counsel, the defendant agrees that he will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §2255. Nor will he pursue such an appeal or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if that term does not exceed 41 months. This waiver also covers the conditions and duration of any term of supervised release of 3 years or less. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

11. JESUS HERNANDEZ ORTIZ recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. JESUS HERNANDEZ ORTIZ nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that JESUS HERNANDEZ ORTIZ fully and completely abides by all conditions of this agreement, the United States will:

     a.   move to dismiss the remaining Counts of the Indictment at the time of sentencing;

b.  not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

c.  recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the Sentencing Guidelines range if the total offense level is 11 or above, or no greater than any mandatory minimum sentence, if applicable;

d.  recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

e.  move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that JESUS HERNANDEZ ORTIZ has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. JESUS HERNANDEZ ORTIZ

6

understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. It is understood and agreed by the parties that should JESUS HERNANDEZ ORTIZ's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. JESUS HERNANDEZ ORTIZ also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

15. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont, and the Criminal Division of the U.S. Department of Justice, Money Laundering, Narcotics and Forfeiture Section, and Human Rights and Special Prosecutions Section, and cannot bind other federal, state or local prosecuting authorities.

16. JESUS HERNANDEZ ORTIZ expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, H. SAMUEL ANSELL, Esq. JESUS HERNANDEZ ORTIZ further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, JESUS HERNANDEZ ORTIZ expressly states that he is fully satisfied with the representation provided by his attorney, H. SAMUEL ANSELL, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited

7

to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

17. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MARGARET MOESER
Chief, Money Laundering, Narcotics, and
Forfeiture Section, Criminal Division

7/9/26
Date

Jake A. Drucker
Emily Cohen
Trial Attorneys

MICHAEL SHECKELS
Acting Chief, Human Rights and Special
Prosecutions Section, Criminal Division

7/9/26
Date

Alexandra Skinnion
Trial Attorney

JONATHAN A. OPHARDT
First Assistant United States Attorney

7/9/26
Date

Eugenia A. P. Cowles
Assistant U.S. Attorney

July 6 2026
Date

JESUS HERNANDEZ ORTIZ
Defendant

8

I have read, fully reviewed and explained this agreement to my client, JESUS HERNANDEZ ORTIZ. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

_7/9/2026_
Date

_H. S. Ansell_
H. SAMUEL ANSELL
Counsel for the Defendant